UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR COMPUTER FRAUD INVESTIGATION | ML No: 25-1601 |

*Reference:*   DOJ Ref. # CRM-182-100668

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Competent Authority of Portugal, the Prosecutor-General's Office, submitted a request for assistance (Request) to the United States, pursuant to the principles of comity and reciprocity and, to the extent applicable, the Instrument Between the United States of America and the Portuguese Republic as contemplated by Article 3(3) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed 25 June 2003, U.S.-Port., July 14, 2005, S. TREATY DOC. NO. 109-13 (2006).

2.      As stated in the Request, the Public Prosecution Service, 1st Section of the Department of Investigation and Penal Action of Coimbra, in Portugal, is investigating unknown subject(s) for aggravated fraud, illegitimate access, computer falsehood, and money laundering, which occurred in July 2023, in violation of the criminal law of Portugal, specifically, Articles 217, 218, and 368-A of the Portuguese Criminal Code and Articles 3 and 6 of the Cybercrime Act.

3.      According to Portuguese authorities, on June 22, 2023, the victim company in Portugal ordered two containers of foodstuffs from a supplier in Peru at the price of USD 140,140.  The order was placed through an intermediary company (broker), using email addresses ending with their respective company names.  On July 10, 2023, the victim company transferred a partial payment in the amount of USD 67,600 to an account held by the Peruvian company.  This payment was received by the Peruvian supplier.

4.      Thereafter, the email exchange between the victim company and the broker was compromised.  An unknown suspect created an email address that was the same as the broker's legitimate address but ending with "@gmail.com."  On July 26, 2023, the victim company received an email from the fraudulent gmail address, purporting to be from the broker, which changed the bank account information for payment of the remaining balance for the order.  This fraudulent email instructed the victim company to transfer USD 72,540 to account number XXXXXXXX3999 at Coastal Community Bank, located in the United States.  Believing this email to have been sent by the broker, the victim company transferred the payment on the same day as instructed in the email.  The Peruvian supplier did not receive this payment and confirmed that the account ending in 3999 did not belong to the Peruvian suppler.

5. To further the investigation, Portuguese authorities have asked U.S. authorities to provide records from Coastal Community Bank, including account holder information, pertaining to the account number ending in 3999 and to interview the account holder(s).

## LEGAL BACKGROUND

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*        \*        \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*        \*        \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123

Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[3]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority: (1) to issue an order requiring a person to appear and/or to produce documents or other things; (2) to administer any necessary oaths; and (3) to take testimony or statements and to receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

10. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor-General's Office in Portugal, and seeks assistance in the investigation of aggravated fraud, illegitimate access, computer falsehood, and money laundering – criminal offenses in Portugal.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and (a) witness interview(s), falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                         Respectfully submitted,

                                         VAUGHN A. ARY
                                         DIRECTOR
                                         OFFICE OF INTERNATIONAL AFFAIRS
                                         OK Bar Number 12199

By: _____
                         Susan P. Hunter
                         Trial Attorney
                         D.C. Bar Number 501430
                         Office of International Affairs
                         Criminal Division, Department of Justice
                         1301 New York Avenue, N.W.
                         Washington, D.C. 20530
                         (202) 305-7822
                         Susan.Hunter@usdoj.gov